Ferdinand REYNOLDS, Plaintiff—
Appellant,

v.

James GOMEZ, Defendant,

and

Theodore WHITE, Warden; Ivalee
Henry; Stanley Wang, Defen-
dants—Appellees.

No. 01–16261.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2004.

Decided April 14, 2004.

* Honorable Charles R. Weiner, Senior United
States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

Ferdinand Reynolds, CSPLAC—Califor-
nia State Prison L.A. County, Lancaster,
CA, pro se.

Alexis Coll–Very, Esq., Wendy Wrosch,
Esq., Simpson, Thacher, Bartlett, Palo
Alto, CA, for Plaintiff–Appellant.

Gregory T. Fayard, Esq., AGCA—Office
of the California Attorney General (SAC),
Department of Justice, Sacramento, CA,
for Defendants–Appellees.

Before: GRABER and W. FLETCHER,
Circuit Judges, and WEINER, Senior
District Judge.*

MEMORANDUM and ORDER **

Appellant's contention, that the stipula-
tion concerning his civil jury waiver was
invalid because it did not comply with the
local rules for the Eastern District of Cali-
fornia, is without merit. However, be-
cause an attorney cannot waive the client's
right to a jury trial without the client's
consent, and such consent can be condi-
tioned (such as on trial by a magistrate
judge rather than a district judge), Reyn-
olds' assertion that his consent was so
conditioned, his contemporaneous letter to
the district judge mentioning a magistrate
trial, and the trial judge's refusal to allow
him to address the court, raise a factual
issue whether there was actual consent to
the waiver of Reynolds' right to a jury

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

trial. Accordingly, we vacate the judgment entered below and remand for a factual determination on the issue of Reynolds' consent to the waiver.

If, on remand, it is determined that there was no consent to a trial before the district judge, the waiver of a jury would not be harmless error and a new trial would be required. If, on remand, it is found that Reynolds consented to the waiver, then the judgment shall be reinstated.

JUDGMENT VACATED; REMANDED. The parties shall bear their own costs on appeal.

Defendants'-Appellees' Request to Supplement the Record is DENIED AS MOOT.